**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0905-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

REGINA WOODS, a/k/a REGINA
BUTLER, JOEL E. CONTRERAS,
REGINA DAVIS, SINCLAIR DAVIS,
REGINA O. HUNTER, RHONDA
KATES, REGINA LANIER, REGINA
PETTIS, PETTIS R. REGINA, REGINA
O. SINCLAIR, LYNETTE O. WALKER,
GINA WOODS, LANER WOODS, and
REGINA W. WOODS,

    Defendant-Appellant.

_____

Submitted November 8, 2018 – Decided August 27, 2019

Before Judges Fuentes and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation Nos. 12-09-2397 and 14-05-1372.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Adam David Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Regina Woods appeals from the order of the Criminal Part denying her post-conviction relief (PCR) petition without conducting an evidentiary hearing. Defendant argues the PCR judge erred in denying her request for an evidentiary hearing because she presented sufficient evidence to establish a prima facie case of ineffective assistance of counsel based on her attorney's failure to present evidence of her history of mental illness. According to defendant, her defense counsel should have argued her mental illness constituted evidence of diminished capacity on the issue of culpability or as a mitigating factor at sentencing. After reviewing the record developed by the parties, we affirm.

On September 12, 2012, defendant waived her right to grand jury review and pled guilty to an accusation charging her with third degree tampering with public records, N.J.S.A. 2C:28-7(a)(2). Pursuant to a negotiated plea agreement, the State recommended that the court sentence defendant to a five-year term of

probation. On June 14, 2013, the court sentenced defendant to a five-year term of probation in accordance with the plea agreement. On September 27, 2013, nearly three and one half months after she was placed on probation, defendant pled guilty to violation of probation (VOP). The court sentenced defendant that same day to continued probation, conditioned on serving 364 days in the Camden County Jail.

On September 28, 2013, the day after defendant was sentenced on the VOP, officers from the Camden County Police Department responded to a fire at a residential building. A man identified as Lawyer Glenn informed the police officers that "he was in the bed . . . when his girlfriend, Regina Woods, came into the 2nd floor rear bedroom and began to douse him and the sheets in lighter fluid." When Mr. Glenn asked defendant: "What are you doing?" He said defendant responded: "Nobody cared about her and lit a match and threw it towards Mr. Glenn causing a fire to erupt."

Mr. Glenn was able to remove and discard the sheet by throwing it off the balcony, and run out of the building as the fire raged. He was not physically injured and was able to alert the remaining residents. He told the police officers at the scene that defendant ran out of the building while wearing a backpack. The police saw defendant at the scene of the fire accompanied by a friend named

A-0905-17T4

Stephanie Green.  The officers transported both women to the police station for questioning.  At 1:36 a.m., on September 29, 2013, defendant waived her constitutional rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and admitted to setting the fire.

On May 2, 2014, defendant, represented by counsel, entered into a negotiated agreement with the State through which she pled guilty to an accusation that charged her with committing second degree arson under N.J.S.A. 2C:17-1(a).  In return, the State agreed to recommend the court sentence defendant to a term of ten years, with an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  The State further agreed to recommend that this sentence run concurrent to a five-year custodial term for violating the terms of her probation.

The judge who presided over the plea hearing noted the ten-year sentence subject to NERA was the maximum sentence that can be imposed for this type of second degree crime.  In response, the prosecutor noted for the record that under the plea agreement, the State was forgoing its right to present evidence to a grand jury to charge defendant with attempted murder of Mr. Glenn.

A-0905-17T4

Furthermore, based on her criminal history, defendant was eligible for a discretionary extended term. The plea agreement also eliminated this risk.

Defendant provided the following factual basis in support of her guilty plea to second degree arson:

> DEFENSE COUNSEL: Regina, on September 28th, 2013 you were in the City of Camden, correct?
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: And at that time you started a fire inside [a residential building at] Danenhower Street, correct?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: And you did that by spreading some lighter fluid in that apartment and lighting it on fire, right?
>
> DEFENDANT: Yes, sir.
>
> DEFENSE COUNSEL: And in doing so, you knew that you were placing another person in danger, specifically Lawyer Glenn, right?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: In danger of death or bodily injury?
>
> DEFENDANT: Yes.
>
> . . . .

THE PROSECUTOR: Ms. Woods, you knew that Lawyer Glenn was present in the room where you squirted that lighter fluid, is that correct?

DEFENDANT: Yes.
THE PROSECUTOR: And in fact, you squirted that lighter fluid on the bed where he was in the bed at the time, correct?

DEFENDANT: Yes.

The court sentenced defendant on June 6, 2014 to a ten-year term of imprisonment subject to NERA on the charge of second degree arson, and a concurrent five-year term on the VOP, in accordance with the terms of the plea agreement. Defendant appealed the sentence through the summary procedural process codified in Rule 2:9-11. In these proceedings, defendant's appellate counsel urged this court to remand the matter for resentencing because the sentencing judge did not consider that defendant "was on anti-psychotic and anti-depressant medication" at the time she committed second degree arson.

Appellate counsel argued that these factors were not considered by the sentencing judge "principally because there's absolutely no argument on her behalf by her attorney at sentencing[,]" in violation of State v. Hess, 207 N.J. 123 (2011). When viewed in this context, appellate counsel claimed that defendant's history of psychiatric problems, together with the medication she was taking at the time, would have supported a finding of mitigating factor

N.J.S.A. 2C:44-1(b)(4), which allows the court to consider whether: "There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[.]"

This court rejected defendant's argument and affirmed the sentence imposed by the trial court. State v. Woods, No. A-3945-14 (October 28, 2015). We cited State v. Fuentes, 217 N.J. 57 (2014), and held that the trial judge "gave detailed reasons to support the sentence in accordance with the plea agreement." Although not expressly stated, we also implicitly distinguished the facts in this case from the salient facts the Court found violated the defendant's right to effective assistance of counsel in Hess. 207 N.J. at 123.

Specifically, in Hess, the terms of the plea agreement required the defendant "to concede that the aggravating factors outweighed the mitigating factors; and to agree that neither she nor her attorney would seek a lesser term of imprisonment." Id. at 129. Thus, despite possessing evidence that the defendant "suffered from Battered Women's Syndrome when she killed her husband, [defense] counsel offered no mitigating evidence in support of a lesser sentence." Ibid. Based on these facts, the Court held:

> [T]he constraints embedded in the terms of the plea agreement--drafted by the State and accepted by defense counsel--denied the court of arguments that may have shed light on relevant sentencing factors and

7

how they should be weighed. The terms of that plea agreement were incompatible with our holding in State v. Warren, 115 N.J. 433 (1989), and the decision in State v. Briggs, 349 N.J. Super. 496 (App. Div. 2002), and impinged not only on the role of counsel at sentencing, but also on the role of our courts as independent arbiters of justice.

[Id. at 129-30.]

Here, the record of the plea hearing shows the plea agreement negotiated by the parties did not impose any restraints on defendant's right to argue for a lesser sentence at the time of sentencing. The record of the sentencing hearing shows the judge apprised defendant of her rights to appeal and asked her whether there were any corrections or misstatements in the Presentence Investigation Report. The judge also expressly asked defense counsel if he had "anything further before I proceed with sentencing?" Defense counsel responded: "No, Judge."

On May 24, 2016, defendant filed this PCR petition pro se. The court assigned counsel to represent defendant in the prosecution of the petition and the matter came for oral argument before Judge Kathleen M. Delaney on August 17, 2017. After considering the argument of counsel, Judge Delaney denied defendant's petition. The judge applied the relevant legal standard and found no factual or legal grounds to warrant conducting an evidentiary hearing.

A-0905-17T4

Defendant raises the following arguments in this appeal.

POINT I

THE TRIAL COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY HEARING.

A.    Failure to Investigate Defendant's Mental Health.

B.  The Failure to File a Miranda Motion.

C.  Ineffective Assistance at Sentencing.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  First, defendant must demonstrate that defense counsel's performance was deficient.  Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In determining a claim of ineffective assistance of counsel in a case in which a defendant pleads guilty, "the issue is whether it is ineffective assistance of counsel for counsel to provide misleading, material information that results in an uninformed plea, and whether that occurred here."  State v. Nunez-Valdez, 200 N.J. 129, 139-40 (2009).

A-0905-17T4

Here, defendant was fully informed of the terms of the plea agreement and confirmed her understanding of those terms. Defendant's history of psychiatric issues and whether that fact should have been brought to the sentencing judge's attention as a mitigating factor was raised on direct appeal and rejected by this court. Defendant is thus barred from re-litigating this issue in a PCR petition. R. 3:22-4. Furthermore, in rejecting defendant's petition, Judge Delaney correctly noted:

> In this petition Ms. Woods fails to show a prima facie evidence of a possible defense that was available to her before she pleaded guilty. Petitioner's expert report is solely based on the petitioner's statements from one interview and from her medical records. The expert did not conduct any independent investigation to verify her statements or discuss her mental health with her current treating physician.

We discern no legal or factual basis to disturb Judge Delaney's carefully reasoned oral opinion denying defendant's PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0905-17T4